## UNITED STATES v. LUEDER.

(Circuit Court, S. D. New York. February 22, 1906.)

### No. 3,339.

CUSTOMS DUTIES—EVIDENCE—TREASURY REGULATIONS.

The Board of General Appraisers, in deciding as to the polariscopic test of certain sugar drainings, based its findings on evidence of tests other than the government tests made according to the treasury regulations. *Held*, that the Board was not restricted to evidence of the government tests alone.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question reversed the assessment of duty by the collector of customs at the port of New York on an importation by A. Lueder.

Charles Duane Baker, Asst. U. S. Atty.

William J. Gibson, for importer.

WHEELER, District Judge. This importation is of sugar drainings which, by paragraph 209 of the act of July 24, 1897 (chapter 11, § 1, Schedule E, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647]), is subject to a duty of, when testing by the polariscope, "above forty degrees and not above fifty-six degrees, three cents per gallon; testing fifty-six degrees and above, six cents per gallon." The collector assessed it at six cents against a protest that it would be but three as "testing above 40° and not above 56° polariscope." The majority of the Board of General Appraisers appears to have found from reports of the government chemists and evidence of other tests that a true test would be not above 56 degrees. The evidence to sustain this finding seems to be ample, unless it should have been confined to the government tests made according to the treasury regulations. The law makes no such restriction, and the regulations are made for the guidance of the customs officials in the assessment and collection of duties when no protest is made, and not as a judicial rule on appeal.

Decision affirmed.